UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DENNIS T. FONTENOT
         Plaintiff                     *        DOCKET NO. _____

VERSUS                                *        JUDGE DRELL

CENTENNIAL COMMUNICATIONS
CORPORATION, D/B/A CENTENNIAL
WIRELESS, NEW CINGULAR WIRELESS
PCS, LLC FORMERLY D/B/A CENTENNIAL
BEAUREGARD CELLULAR, LLC
AND AT&T CORPORATION         *        MAGISTRATE JUDGE KIRK
         Defendants
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# COMPLAINT

The Complaint of **DENNIS T. FONTENOT**, a citizen and resident of the Parish of Rapides, State of Louisiana, respectfully represents that:

I.

Made defendants herein are:

(a)    **CENTENNIAL COMMUNICATIONS CORPORATION, D/B/A CENTENNIAL WIRELESS** (hereinafter referred to as "Centennial"), a foreign corporation authorized to do and doing business in the State of Louisiana, whose agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808.

(b)    **NEW CINGULAR WIRELESS PCS, LLC, FORMERLY D/B/A, CENTENNIAL BEAUREGARD CELLULAR, LLC** (hereinafter referred to as "Beauregard"), a limited liability company, authorized to do and doing business in the State of Louisiana, whose agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808; and

  (c)  **AT&T CORPORATION** (hereinafter referred to as "AT&T"), a foreign corporation authorized to do and doing business in the State of Louisiana, whose agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808.

II.

This civil action arises under the American with Disabilities Act, 42 U.S.C. §12101, et seq. This Court has jurisdiction under the provisions of 28 U.S.C. §1343 (4) and 42 U.S.C. §2000e-5 (f).

III.

The venue of this action is properly placed in the Western District of Louisiana pursuant to 28 U.S.C. §1391 because the facts that give rise to plaintiff's claim occurred in this district.

IV.

On or about October 13, 1997, plaintiff became employed by defendants Centennial and/or Beauregard as an Inside Sales Representative in defendants' retail store located at 2006 MacArthur Drive, Alexandria, Louisiana. Upon information and belief, plaintiff shows that defendant AT&T is the successor corporation of defendants Centennial and/or Beauregard.

V.

Subsequently, plaintiff was promoted to Senior Channel Manager of Louisiana in 2006 and his work location was eventually moved from Lafayette, Louisiana to Alexandria, Rapides Parish, Louisiana in the latter quarter of 2009 while plaintiff was on FMLA leave.

VI.

Plaintiff shows that, subsequent to his hiring, plaintiff was diagnosed in March or April of 2009 and began receiving treatment for a medical condition known as primary polycythemia vera, a myeloproliferative disorder of unknown etiology, associated frequently with splenomegaly, leukocytosis and thrombocythemia.

VII.

As a result of his diagnosis, plaintiff was required by his physician to take FMLA leave from his employment from July 17, 2009 to October 23, 2009.

VIII.

Plaintiff shows that for thirteen (13) years he had a successful record as an employee and as a Regional Manager for defendants.

IX.

As a result of his debilitating medical condition, plaintiff's treatment consisted of periodic phlebotomies to draw certain amounts of blood to reduce the amount of blood cells in his body and decrease his blood volume; said treatment would result in plaintiff being limited in his ability to travel and work for a period of half a day because of weakness and dizziness.

X.

The above described medical condition also resulted in plaintiff having periodic episodes of disability of lifting, sleeping, breathing, walking, working and caring for one's self.

XI.

Despite plaintiff's medical condition, he was able to perform all of the essential duties of his position. He was the only member of his employee group to achieve and exceed sales quotas in the months of November and December for which commissions the defendants did not pay him when he was terminated. Plaintiff had to take legal action against the defendants to obtain this payment.

XII.

Plaintiff shows that upon his return to work from his FMLA leave, his supervisor, Scott Koesters, Vice-President of Alternate Distribution and Logistics for defendants, became upset that

plaintiff would have to limit his traveling because of his blood condition and therapeutic phlebotomies. Plaintiff shows that he was the only manager required to turn in a travel tracking tool as ordered by Koesters.

XIII.

On or about December 17, 2009, plaintiff e-mailed his supervisor stating that he would be at the Veteran's Administration Hospital in Pineville on Friday, December 18, 2009, for a treatment of his medical condition and that his ability to drive and work would be limited after that treatment for a short time due to the resulting dizziness and weakness from the treatment.

XIV.

The next business day after his treatment, on December 21, 2009, plaintiff was terminated from his position via a conference call with Koesters and Pat Slocum, Vice-President of Human Resources for defendants. His termination was less than ninety (90) days from the date he returned to work from his FMLA work.

XV.

As a result of his termination, plaintiff proceeded to timely file a claim with the Equal Employment Opportunity Commission charging that the defendant discharged him from his employment on the basis of his disability as defined by the American with Disabilities Act of 1990.

XVI.

On or about August 19, 2013, plaintiff received a notification of the right to sue from the Equal Employment Opportunity Commission.

XVII.

Plaintiff shows that the above described actions of defendants deprived him of the benefits, income, privileges, terms and conditions of his employment with defendants because of his disability in violation of the provisions of the American with Disabilities Act, 42 U.S.C. §12101, et seq.

XVIII.

As a result of the unlawful and discriminatory actions complained of herein, plaintiff has suffered damages in the following areas for which he is entitled to recover:

(a) Past, present and future loss of earnings and fringe benefits;

(b) Mental anguish, anxiety, humiliation, embarrassment and inconvenience, past, present and future; and

(c) Loss of employer furnished health insurance and the opportunity to become fully vested for retirement purposes.

XIX.

Plaintiff requests a trial by jury.

**WHEREFORE**, plaintiff demands:

1. Judgment against the defendants and prays that this Court award plaintiff back wages, compensatory damages, statutory liquidated, exemplary and punitive damages and such other monetary award as may be deemed appropriate in amounts to be determined at trial, but in no event less than FIVE HUNDRED FIFTY THOUSAND AND NO/100 ($550,000.00) DOLLARS;

2. That plaintiff recover from defendant pre-judgment interest to the maximum extent permitted by law;

3. That plaintiff recover from defendant his costs, including reasonable attorney fees, together with other remedies as may be provided by law;

4. That a trial by jury be held; and

5. That this Court award such other further relief as may be just and equitable.

          **BROUSSARD, HALCOMB & VIZZIER**

      BY:_____s/Daniel E. Broussard, Jr._____
         **DANIEL E. BROUSSARD, JR., #3510**
         912 5th Street
         Post Office Box 1311
         Alexandria, Louisiana 71309-1311
         Telephone: (318) 487-4589

         **ATTORNEYS FOR PLAINTIFF**